WILLIAM GEST and REBECCA, his wife, and MORTON EBRIGHT and PRISCILLA, his wife,

*vs.*

CHARLES WILLIAMS and ELIZA A., his wife, and CHARLES WILLIAMS, executor, &c., of SAMUEL L. GRUBB, deceased.

*New Castle, Feb. T. 1869.*

The testator directed his executor to convert into money his entire estate, within a certain time after his death, and bequeathed the residue, in equal shares, to his married daughters " for their sole and separate use, respect-" ively." Upon a bill filed by two of them and their husbands, *Held,* that the legacy, being to the wives for their separate use, was not payable to the husbands, but that the wives must appear in Court and elect whether the fund should be paid into their own hands, or secured for their sole use and benefit.

BILL IN EQUITY.—This case arose upon the following facts: Samuel L. Grubb, by his last will and testament, dated June 4th, 1867, bequeathed and devised (*inter alia*) as follows :—

"Item. All the rest and residue of my estate, real,

"personal and mixed, to which I may be entitled, in any "manner, at the time of my death, I hereby direct my "executor to convert into money within one year after "my decease. The time for the sale and settlement of "the real estate may be extended to two years, if neces-"sary, but as soon as the same can be done advanta-"geously, and I hereby authorize my executor to sell and "well and sufficiently convey all or any part of my es-"tate in such manner and at such time and place as he "shall think best, the proceeds of sale and all the rest "and residue aforesaid, all my just debts and funeral ex-"penses being first paid, I give and bequeath in equal "shares to my three daughters, Eliza A., the wife of "Charles Williams, Rebecca, the wife of William Grubb, "and Priscilla, the wife of Morton Ebright, for their sole "and separate use, respectively."

The testator died in 1867, and the defendant Charles Williams, being named in the will as such, was duly qualified, as executor, and proceeded to convert the estate into money, pay the debts and funeral and testamentary expenses, and all the legacies mentioned in the will, except the shares of the three residuary legatees. His final testamentary account, passed August 11th, 1868, showed a balance remaining, of which the sum of $1791.46 was the share of each of the complainants, Rebecca Gest and Priscilla Ebright.

The executor claimed that, inasmuch as he was directed in the will to receive, hold and manage the shares of the married daughters for their separate use, he, being the executor of the will, became, in equity, a trustee for the same and as such, was bound to retain it during their coverture, paying over to them only the annual income thereof. The complainants claimed that, according to the true construction of the will, the complainants William Gest and Morton Ebright, were entitled in equity to the share of their respective wives. .The defendants

demurred, and the case was submitted upon bill and demurrer, by written agreement of the Solicitors of the respective parties.

*Guthrie*, for the complainant.

*Lore*, for the defendant.

THE CHANCELLOR considered that the demurrer was insufficient and the same was overruled ; and the bequest to the two married women who were complainants, being for their sole and separate use, it was further decreed that, according to the terms and true intent and meaning of the residuary bequest, the shares of the complainants Rebecca Gest and Priscilla Ebright were bequeathed for their sole and separate use, subject to their own control and disposal and free from their said respective husbands. It was therefore ordered that they should respectively appear in open Court and elect whether the shares of the residuary estate bequeathed to them, respectively, should be paid by the executor into their proper hands, or whether the same should be secured under the direction of the Court, for their sole and separate use and benefit.

They accordingly appeared in Court on the day specified and elected that the sums bequeathed to them should be paid into their own hands, and a decree was entered accordingly.